IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILLIAN KEEL-JOHNSON, and SCOTT COREY JOHNSON, | : : CIVIL ACTION NO. 1:07-CV-200 |
| Plaintiffs | : : (Chief Judge Kane) |
| v. | : : |
| GLENN A AMSBAUGH, M.D. et al. | : : |
| Defendants | : |

**MEMORANDUM**

Before the Court are Defendants' motions to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for Plaintiffs' failure to file certificates of merit as required by Pennsylvania Rule of Civil Procedure 1042.3. (Doc. Nos. 31, 45.) The motion is fully briefed, the Court has heard oral argument, and the issues are ripe for disposition. For the following reasons, the Court will deny the motions to dismiss.

**I.      BACKGROUND**

Plaintiffs initiated this action with the filing of a complaint in this Court on February 1, 2007, only weeks before the statute of limitations expired. (Doc. No. 1.) Plaintiff invokes federal jurisdiction based on 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiffs, Florida residents, and the Pennsylvania Defendants. (Id. at ¶ 12.) The complaint alleges that the Defendants failed to diagnose nasopharyngeal cancer in Plaintiff Jillian Keel-Johnson, causing the cancer to go untreated for nine months, aggravating her condition and necessitating the termination of her pregnancy. (Id. ¶¶ 33-36.) Although clearly alleging only one cause of action; that licensed professionals deviated from the standard of care, Plaintiffs did not file a certificate of merit ("COM") in support of their complaint, which is

required in any professional liability action in Pennsylvania courts. Pennsylvania Rule of Civil Procedure 1042.3(a) ("Rule 1042.3") provides:

> (a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either
>
> 1. an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
>
> 2. the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
>
> 3. expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim. . . .

Pa. R. Civ. P. 1042.3(a). The parties do not dispute that the subject of this action brings it within the purview of Rule 1042.3(a). Applying the rule to this action would require that plaintiffs file their COMs by April 2, 2007, within 60 days of filing the complaint on February 1, 2007. (See Doc. No. 50 at 3.) Inexplicably, Plaintiffs filed their COMs on April 4, 2007 (Doc. Nos. 34-44), after the present motions to dismiss had already been filed.

Defendants urge the Court to apply Pennsylvania Rule 1042.3 as substantive state law and dismiss this action. Plaintiffs argue that the rule has no application in this Court. Plaintiffs urge the Court to apply the well accepted standards of Rule 41(b) of the Federal Rules of Civil

Procedure and deny the motions to dismiss.

**II.     DISCUSSION**

    **A. Applicability of the Pennsylvania COM Rule in Federal Court**

        **1. Pennsylvania Rule 1042.3**

When a federal court is exercising jurisdiction over an action with state law claims pursuant to 28 U.S.C. § 1332, it must apply state substantive law and federal procedural law. Erie R. Co. v. Tompkins, 304 U.S. 64, 79 (1938).  Here, the parties agree that it is the state substantive law of Pennsylvania that would apply to the state law claims in this case.  There is no dispute that Pennsylvania Rule 1042.3(a) is mandatory in actions brought in state court, and that the requirement is enforced through Rule 1042.6 (implementing notice requirements and providing for motions to challenge the necessity of a COM),[1] Rule 1042.7 (providing for entry of a judgment of non pros upon praecipe of defendant for failure to satisfy COM requirements), and Rule 3051 (providing grounds for a court to consider before re-opening a case after entry of a judgment of non pros).  Importantly, however, the Plaintiffs argue that the COM requirement and the rules that implement it are rules of state procedure.  Plaintiffs argue that the COM "is a rule of state procedure which purports to impose additional pleading requirements beyond those contained in the Federal Rules of Civil Procedure, namely, Rule 8 and Rule 11." (Doc. No. 50 at 10.)  As a state procedural rule, the Plaintiffs argue that it should not be applied in federal court.

Federal courts have grappled with the application of state filing prerequisites, consistently holding that these rules constitute substantive law.  In Chamberlain v. Giampapa,

---

[1] Rule 1042.6 previously provided the enforcement mechanism for a plaintiff's failure to meet the COM requirement: dismissal of the case by entry of a judgment of non pros.  See Pa. R. Civ. P. 1042.6 cmt. n.3.  In the most recent amendments (discussed below), the Pennsylvania Supreme Court renumbered the rule governing COM dismissal procedures to 1042.7 and promulgated new Rule 1042.6 in its place.  Id.

the Third Circuit addressed the New Jersey law requiring an "affidavit of merit" in medical malpractice cases and held that the requirement did not conflict with any federal rules and was outcome determinative, therefore concluding that it was a substantive state law that must be applied by federal courts sitting in diversity.  210 F.3d 154, 159-161 (3d Cir. 2000) (citing Hanna v. Plumer, 380 U.S. 460, 470 (1965)).  While Plaintiffs have tried to distinguish the New Jersey statute from the COM requirement at issue, it appears that the weight of authority has found the *Giampapa* reasoning applicable to the similar Pennsylvania COM rules.  See, e.g., Scaramuzza v. Sciolla, 345 F. Supp. 2d 508, 510 (E.D. Pa. 2004); Stroud v. Abington Memorial Hosp., 546 F. Supp. 2d 238, 248 (E.D. Pa. 2008).  The Third Circuit has also upheld application of the Pennsylvania COM rule in federal court, albeit without much discussion and in non-precedential opinions.  See, e.g., Iwanejko v. Cohen & Grigsby, P.C., 249 Fed. Appx. 939, 944 (3d Cir. 2007) ("We have held that a similar New Jersey statutory requirement [to Rule 1042.3] should be applied as substantive state law under the *Erie* Doctrine.  The District Court correctly applied Rule 1042.3 as substantive law."); Perez v. Griffin, No. 08-2979, 2008 WL 5351829 at *2 (3d Cir. 2008) ("Rule 1042.3 is a substantive state law that federal district courts must apply.")  Given this persuasive authority, the Court agrees that the COM requirement embedded in Rule 1042.3 should be applied by federal courts as controlling substantive law.

### 2.  Pennsylvania Rule 1042.7

Not all aspects of the Pennsylvania COM rule can be implemented in federal court, however.  As previously noted, in Pennsylvania courts, Rule 1042.3 is enforced through Pennsylvania Rule of Civil Procedure 1042.7, which directs that "[t]he prothonotary, on praecipe of the defendant, shall enter a judgment of non pros against the plaintiff for failure to file a

certificate of merit . . . ." Pa. R. Civ. P. 1042.7. These enforcement mechanisms are procedural and inapplicable to federal practice. See Stroud, 546 F. Supp. 2d at 250. Neither the Federal Rules of Civil Procedure nor the local rules of this Court contemplate praecipes or the entry of judgments of non pros. Moreover, there is no prothonotary in the Middle District, as is found in Pennsylvania courts. Because federal procedural rules do not provide for these enforcement mechanisms, most courts to consider the issue have held that parties seeking an entry of judgment in federal court for failure to file a COM must address their request to the Court in the form a motion. See Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); Stroud, 546 F. Supp. 2d at 250.

Of course, this lack of uniformity between federal and state enforcement of the COM rule produces awkward procedural issues for a federal court adjudicating these motions. In Pennsylvania, the prothonotary enters judgment of non pros as soon as the Defendant files a praecipe that complies with the requirements of Rule 1042.7 without court involvement. Pa. R. Civ. P. 1042.7. The judgment of non pros is effectively the same as a dismissal without prejudice. Stroud, 546 F. Supp. 2d at 250. Plaintiff may thereafter challenge the automatic entry of judgment non pros by petitioning the court under Rule 3051 to reopen the matter. See Pa. R. Civ. P. 3051. Rule 3051 limits the circumstances in which a matter can be reopened, and requires that the petitioner allege facts showing: (1) the petition is timely, (2) there is a reasonable explanation or legitimate excuse for the inactivity or delay, and (3) there is a meritorious cause of action. Id. The Pennsylvania Supreme Court has explained that equitable considerations should guide a court when assessing whether there is a reasonable explanation or legitimate excuse for failure to timely file a COM under the Rule 3051 standard. Womer v.

Hilliker, 908 A.2d 269, 279-280 (Pa. 2006). Though the *Womer* decision offered little guidance concerning what specifically constituted reasonable excuse, "courts have held that it dictates a very strict interpretation of the [COM] Rule and sets a high bar for establishing a reasonable excuse for failing to timely comply with the COM requirement." Stroud, 546 F. Supp. 2d at 253 (quoting Walsh v. Consolidated Design & Eng'g, Inc., No. 05-2001, 2007 WL 2844829, *8 (E.D. Pa. 2007)).

As noted, there is no mechanism for automatic dismissal by praecipe in federal court. A defendant must file a motion[2] to dismiss the case without prejudice for failing to satisfy the COM requirements. The procedural differences raise questions about the proper review the federal court must undertake in reviewing the motion to dismiss for failure to satisfy the COM requirement. The Plaintiffs argue that this Court should analyze the Rule 41(b) motions to dismiss under the familiar factors articulated by the Third Circuit in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). (Doc. No. 50 at 7.) Indeed, some courts have held that Pennsylvania's enforcement of the COM requirement in Rule 1042.7 conflicts with the federal rules because Federal Rule 41(b) grants the court discretion to dismiss a claim for failure to prosecute. See Lenz v. Robinson, No. 05-248, 2006 WL 1308084, *2 (W.D. Pa. 2006). While admitting this Court has discretion in considering the motion, the Defendants argue that the Court's standard of review is instead controlled by Pennsylvania Rules of Civil

---

[2] More recent authority suggests that a defendant should bring the motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure as the proper substitute for Pennsylvania's judgment of non pros to request the federal court dismiss due to lack of a timely COM. See Stroud, 546 F. Supp. 2d at 250 (citing Bresnahan v. Schenker, 498 F. Supp. 2d 758, 762 (E.D. Pa. 2007); McElwee Group, LLC v. Municipal Auth. of Borough of Elverson, 476 F. Supp. 2d 472, 475 (E.D.Pa. 2007)). The Defendants in this case brought their motions under Rule 41(b) of the Federal Rules of Civil Procedure, which courts have also found to be an acceptable method of bringing a COM motion to dismiss before a federal court. Abdulhay v. Bethlehem Medical Arts, L.P., No. 03-CV-04347, 2005 WL 2416012, * 9 (E.D. Pa. 2005).

Procedure 126 and 3051 as interpreted in *Womer* because these rules are the two potential procedural routes to re-open a case closed by a properly entered judgment of non pros in Pennsylvania: "these routes apply to this Court in that they are a substantive law framework for the analysis of when a Court may excuse the failure to comply with Pennsylvania's mandatory COM requirements."  (Doc. No. 53 at 7.)  Still another path that some federal courts have taken is to mimic the Pennsylvania procedure; the court dismisses the case without prejudice upon the filing of a motion to dismiss for lack of a COM but then provides the plaintiff an opportunity to submit evidence to show that he or she had a reasonable explanation or legitimate excuse to satisfy Pennsylvania Rule 3051.  See, e.g., Holbrook v. Woodham, No. 3:05-304, 2007 WL 2071618, *4 (W.D. Pa. 2007) (Accordingly, the Court must dismiss Plaintiffs' Amended Complaint . . . . Because [the COM rule] is subject to equitable considerations, Plaintiffs will be given the opportunity to provide a reasonable explanation or legitimate excuse for their noncompliance with the requirements of that rule"); Stroud, 546 F. Supp. 2d at 255-256 ("In that Plaintiff failed to timely file the requisite COM . . . we are prepared to and do at this time dismiss that claim. . . . [W]e will allow Plaintiff the opportunity to [seek reinstatement by presenting] any additional evidence to establish a reasonable explanation or legitimate excuse for his noncompliance.") The foregoing makes clear that application of the COM rule in federal court is complicated by the procedural differences between the state and federal court systems.

### B.  June 2008 Amendments to the COM Rule

Application of the COM rule in federal court is further complicated by the fact that, on June 16, 2008, after this motion became ripe, the Pennsylvania Supreme Court promulgated several amendments and new rules dealing with the COM requirement.  See Pa. Supreme Ct.

Order No. 493, <u>In Re: Adoption of Rule of Civil Procedure 1042.6 and Amendment of Rules 1042.1 et seq. Governing Professional Liability Actions</u>, (June 16, 2008) *available at* http://www.aopc.org/OpPosting/Supreme/out/493civ.5attach.pdf.

Notably, the June 2008 rule amendments did not alter the COM requirement itself for purposes of the present motion, but instead placed limits on when a defendant could timely seek dismissal of an action for failure to satisfy the requirement and also provided plaintiffs with a new avenue to challenge the necessity of filing a COM. These changes are embedded in new Rule 1042.6. Subsection (a) of Rule 1042.6 now provides:

> (a) a defendant seeking to enter a judgment of non pros under Rule 1042.7(a) shall file a written notice of intention to file the praecipe and serve it on the party's attorney of record or on the party if unrepresented, no sooner than the thirty-first day after the filing of the complaint. . . .

Pa. R. Civ. P. 1042.6(a). Until the defendant has complied with the notice requirements of Rule 1042.6(a), no judgment of non pros can be entered against the Plaintiff for failure to timely file a COM. Pa. R. Civ. P. 1042.7(a)(4). The second pertinent aspect of new Rule 1042.6 involves subsection (c), which provides:

> (c) Upon the filing of a notice under subdivision (a) of this rule, a plaintiff may file a motion seeking a determination by the court as to the necessity of filing a certificate of merit. The filing of the motion tolls the time period within which a certificate of merit must be filed until the court rules upon the motion. If it is determined that a certificate of merit is required, the plaintiff must file the certificate within twenty days of entry of the court order on the docket or the original time period, whichever is later.

Pa. R. Civ. P. 1042.6(c). These new provisions represent fundamental changes to the COM framework in Pennsylvania. As the explanatory comments illustrate, the amendments are meant in part to protect the Plaintiff:

> New Rules 1042.6 and 1042.7 address concerns that the present rules (1) permit the entry of a judgment of non pros where a plaintiff may believe that the rules governing certificates of merit do not apply and (2) provide for the entry of a judgment of non pros where there has been no notice of intent to enter such a judgment.
>
> Several revisions to these rules remedy this situation. First, new Rule 1042.6(a) requires a defendant to give a thirty-day notice of intention to file a praecipe for a judgment of non pros for failure to file a certificate of merit. . . . and the judgment may not be filed earlier than thirty days after the filing of the notice. . . .
>
> Second, new Rule 1042.6(c) provides that once a notice of intention to seek a judgment of non pros has been filed, the plaintiff may file a motion to seek "a determination by the court that the filing of a certificate of merit is not required." As in the case of a motion to extend the time for filing a certificate under Rule 1042.3(d), the "filing of the motion tolls the time period within which a certificate of merit must be filed until the court rules upon the motion."

Pa. R. Civ. P. 1042.6 cmt. n.3.

The parties have addressed these amendments in supplemental filings following the close of briefing on the motions to dismiss. (Doc Nos. 57-60.) Although these filings are not authorized by the Local Rules of Court, because they were not stricken by the Clerk of Court they are considered in the interest of justice and the advancement of the motions. Plaintiffs argue that these amendments render the pending motion to dismiss moot. Because the amendments were adopted long after this action was initiated and even after the present motions to dismiss were ripe for disposition, Defendants argue that they do not change the outcome of this case.

The promulgating order specifies that "[t]he new and amended rules shall apply to all pending actions in which a judgment of non pros for failure to file a certificate of merit has not been entered . . . ." Id.; Dental Care Associates, Inc. v. Keller Engineers, Inc., 954 A.2d 597,

599 n.1 (Pa. Super. Ct. 2008). Despite this language, the question of whether the amended rules should apply under present circumstances is the subject of fair debate. Had this action been filed in Pennsylvania courts, the prothonotary would have entered a judgment of non pros on April 04, 2007, because Defendants presumably would have moved for judgment of non pros. See Pa. R. Civ. P. 1042.7. As discussed above, however, because judgment of non pros does not exist in federal court, the COM requirement is instead enforced by standard federal motion practice subject to briefing, argument, and written ruling. Given these differences between the state and federal system, there has been no dismissal in this case because of failure to file a COM; the action is still pending. While not expressly retroactive, it is clear from the language of the amendments that the Pennsylvania Supreme Court intended the amended rules to apply immediately to every case in which they could have an impact, i.e., every action in which no judgment of non pros had been entered. The court could just as easily have limited the amended rules to actions commenced after the effective date of the amendments, for instance. Given the striking new protections afforded to plaintiffs under the amended rules, it is likely the court chose to make them applicable to as many cases as possible because of the important policy concerns implicated by the amended rules.

The present case would squarely implicate the policy concerns addressed by the amended rules: a facially meritorious case is subject to dismissal because of Plaintiffs counsel's careless failure to file a COM by the deadline. (Doc. No. 50-5 ¶ 5.) Here, the appropriate COMs were filed within hours of service of defendants' motion to dismiss because Plaintiffs' counsel already had sought the appropriate expert opinions before commencing the action. (Id. ¶ 6.) It is clear that had the protections now afforded by Rule 1042.6 been available to Plaintiffs, the present

dispute would not now be before the Court.

### C. The *Womer* Standard

As discussed above, the state procedures for non pros do not exist in the Federal Rules of Civil Procedure. Nonetheless, Defendants argue that when a defendant substitutes the motion to dismiss for non pros the federal court is bound to review that motion applying the same analysis that a Pennsylvania court would undertake when considering whether to re-open a case in which a judgment of non pros has been entered. The Pennsylvania court would determine whether there was a "reasonable excuse" for failure to file a COM under Pennsylvania Rule 3051 as interpreted by the Pennsylvania Supreme Court in *Womer*. (Doc. No. 53 at 6.) This argument assumes that these same standards should control despite the conflicts that preclude use of Rule 1042.7 judgment of non pros in federal court:

> [i]n other words, in state court, a Judgment of Non Pros would already have been entered against Plaintiffs, and the state court has discretion whether to open it under very limited circumstances. In Federal Court, the timing of the analysis is reversed, and the Court should dismiss the case unless, in its discretion, reason would exist under Rule 3051 to Open a Judgment of Non Pros.

(Doc. No. 53 at 6.) Indeed, many federal district courts to consider the issue have also constrained their analysis to the *Womer* standard, despite the lack of a judgment of non pros in federal court. See, Stroud, 546 F. Supp. 2d at 250-251 ("The Pennsylvania Supreme Court's recent decision in [*Womer*] has now made it clear that the sixty-day deadline for filing a COM will be strictly construed and not lightly excused, while at the same time allowing a late-filing plaintiff to set out certain equitable considerations as would constitute a "reasonable explanation or legitimate excuse" for noncompliance under [Rule 3051].")

But, in *Womer*, the court articulated only the standard to re-open cases in which a

judgment of non pros had been entered pursuant to Pennsylvania Rule 1042.7 for failure to file a COM.  Defendants argue that a federal court should follow the *Womer* standard because the Defendants, otherwise entitled to a judgment of non pros in state court, must substitute the motion to dismiss as the federal corollary to the praecipe.  By limiting its review of the motion to the same standards as Pennsylvania Rule 3051, the argument goes, the federal court promotes a semblance of uniformity between the state and federal courts despite the procedural differences in enforcement of the substantive COM requirement.  While this argument has some limited appeal, the amended rules have undercut the force of this approach at least in the present case.

     As the Defendants acknowledge, in federal court, the court must consider the circumstances surrounding the failure to file the COM <u>before</u> dismissing the complaint.  In state court, where the analysis occurs after the fact, when non pros has issued, the burden is properly on plaintiff to show good cause to re-open the action.  Now that new Rule 1042.6 severely limits the availability of non pros by permitting judgment only after ample notice to plaintiffs, it is not so clear that the *Womer* standard remains the standard in state court.  It is even less clear that *Womer* has any application to this case.  Throughout this litigation, Defendants have premised their right to dismissal on the theory that in state court the action would have been subject to non pros with no right of Plaintiffs to reopen the case under *Womer*.  Applying Defendants' approach now, it is clear that, under the current rules in state court, Defendants are not entitled to a judgment of non pros because they have not properly notified the Plaintiffs of their intent to enter non pros.  Therefore, in this case, Defendants' motions to dismiss are not the federal corollary to a praecipe for non pros in state court; Plaintiffs cannot be subjected to a *Womer* analysis under these circumstances.  Accordingly, the Defendants' arguments are rejected and

the Court will not limit its review in this case to whether reason would exist under Rule 3051 and *Womer* to open a judgment of non pros.[3]

**D. Rule 41(b)**

The amended COM rules have not altered the underlying COM requirement, which gives a plaintiff 60 days from the filing of the complaint to file the appropriate COMs. This substantive requirement applies in federal court and there is no dispute that the Plaintiffs have failed to meet the 60 day deadline. Even though state enforcement of this deadline as controlled by Rule 1042.7 is not available, the Defendants' motions to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute are appropriate in this context because the Plaintiffs have missed an applicable deadline in this litigation.

The Plaintiffs argue that in these circumstances the Court must consider the familiar factors articulated by the Third Circuit in *Poulis* for assessing a Rule 41(b) motion:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis 747 F.2d at 868. The Court agrees. Considering these factors, it is clear that the requested dismissal is not an appropriate sanction. There has been no suggestion that the Plaintiffs are personally responsible for the late COM filing, but rather it is counsel who acknowledges the omission. (Doc. No. 50-5 ¶ 5.) There is no history of dilatoriness by

---

[3] Because the Defendants have based their arguments on the theory that they were entitled to a judgment of non pros and *Womer* review in state court, which is no longer the case, it is unnecessary to determine whether the notice requirements of Rule 1042.6 apply in federal court as substantive state law under *Erie*.

Plaintiffs or reason to suggest bad faith. Rather, counsel immediately corrected his error by filing the appropriate COMs very shortly after being served with the present motions to dismiss. The fact that Plaintiffs' counsel was already prepared with COMs shows that the claims are facially meritorious at least for purposes of this analysis. Further, the Pennsylvania policy objectives of the COM requirement in preventing baseless professional liability claims and protecting defendants from having to defend against frivolous lawsuits are not undermined by allowing the Plaintiffs to advance their claims. Plaintiffs tested the merits of these claims before proceeding as evidenced by the fact that they were able to rectify the failing upon service of the motions to dismiss. In consideration of all of the foregoing, the Court finds that the Defendants' motions to dismiss must be denied.

## III.   CONCLUSION

For the foregoing reasons, the Defendants' motions to dismiss (Doc. Nos. 31, 45) will be denied. An order consistent with this memorandum will follow.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JILLIAN KEEL-JOHNSON, and** | : | |
| **SCOTT COREY JOHNSON,** | : | **CIVIL ACTION NO. 1:07-CV-200** |
| | : | |
| **Plaintiffs** | : | **(Chief Judge Kane)** |
| | : | |
| v. | : | |
| | : | |
| **GLENN A AMSBAUGH, M.D. et al.** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, on this 10th day of March 2009, upon consideration of the Defendants' Motions to Dismiss pursuant to Rule 41(b) (Doc. Nos. 31, 45) filed in the above-captioned matter, and for the reasons set forth in this Court's Memorandum Opinion filed herewith, **IT IS HEREBY ORDERED THAT** the motions are **DENIED**.

    s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania