# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILLIAN KEEL-JOHNSON, and<br>SCOTT COREY JOHNSON, : | CIVIL ACTION NO. 1:07-CV-200 |
| Plaintiffs : | (Chief Judge Kane) |
| v. : | |
| GLENN A AMSBAUGH, M.D. et al. : | |
| Defendants : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On March 10, 2009, the Court issued an order denying Defendants' separate Rule 41(b) motions to dismiss Plaintiffs' complaint. (Doc. No. 65.) Defendants timely filed a joint motion for reconsideration of the Court's order or, in the alternative, a motion that the Court's order be certified for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). (Doc. Nos. 66-67.)

**A. Reconsideration**

The typical motion for reconsideration is made pursuant to Rule 59(e) as a motion to alter or amend judgment. See Carrascosa v. McGuire, 520 F.3d 249, 253 n.3 (3d Cir. 2008). Here, no judgment has been entered by the Court's March 10 order and it is interlocutory, so any reconsideration must be considered under authority granted by Rule 54. Fed. R. Civ. P. 54(b). As the Defendants point out, however, courts have tended to analyze motions for reconsideration of interlocutory orders similarly to final orders: "[r]egardless of the subject order, 'the purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" Confer v. Custom Engineering Co. Employee Health Ben. Plan, 760 F. Supp. 75, 77 (W.D. Pa. 1991) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985)).

Motions for reconsideration are granted sparingly in the interest of finality. Dayoub v. Penn-Del Directory Co., 90 F. Supp. 2d 636, 637 (E.D. Pa. 2000). Of course, dissatisfaction with the Court's ruling is not a proper basis for reconsideration; a party may not use the motion to reargue matters already argued or relitigate a point of disagreement between the Court and the party. Lester v. Percudani, No. 04-CV-0832, 2008 WL 4722749, *3 (M.D. Pa. 2008) (quoting Abu Jamal v. Horn, No. Civ. A. 99-5089, 2001 WL 1609761, *9 (E.D. Pa. 2001)).

> The Defendants argue that the Court should grant their motion because the Court's order
>> is based upon clear errors of law in that it: (1) allows the outcome of two identical cases, applying the same substantive state law, to be determined by whether the case was filed in state or federal court; (2) is in conflict with other holdings from the Middle District and Third Circuit on the same issue; (3) incorrectly applies state procedural rules to a federal case; and (4) misapprehends the intent of the state procedural rules being applied.

(Doc. No. 67 at 2.) After careful review of the Defendants' arguments in support of both their motion for reconsideration and original motion to dismiss, the Court must agree with the Plaintiffs that "the defendants have repeated arguments based on abrogated law and have provided no basis for this Court to question its initial analysis . . . ." (Doc. No. 69 at 6.) The Defendants largely repeat the same arguments made in support of their original motion, adding mainly that the Court's failure to adopt these arguments was a clear error of law. In fact, entire sections of the Defendants' briefs in support of the motion for reconsideration and original motion to dismiss are nearly identical. (See Doc. No. 53 at 4-6; Doc. No. 67 at 6-8.) As has been recognized, "[t]o the extent that a party simply repeats itself, it may be in serious danger of displaying nothing more than its dissatisfaction with the court's ruling." A&H Sportswear Co., Inc. v. Victoria's Secret Stores, Inc., No. Civ. A. 94-7408, 2001 WL 881718, *1 (E.D. Pa. 2001).

2

Further, the Defendants have not persuasively shown that the Court has committed a clear or manifest error of law in its order such that the interests of finality should be disturbed by granting reconsideration. Accordingly, the Defendants' motion for reconsideration will be denied.

### B. Certification for Appeal

In support of certification, the Defendants rely principally on their arguments in support of reconsideration and also point to the Court's statement in the March 10 order that "application of the COM rule in federal court is complicated by the procedural differences between state and federal court systems." (Doc. No. 67 at 12.) Defendants also point to other district court opinions that, in a similar context, seemingly did not address or discuss the amended certificate of merit rules. (Doc. No. 72 at 6.)

An interlocutory order that is not otherwise appealable, such as the Court's March 10 order, can be certified for a potential appeal under 28 U.S.C. § 1292(b), which provides in pertinent part:

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). Despite this statute, "[i]t is well established that federal law expresses a strong policy against piecemeal appeals." Zygmuntowicz v. Hospitality Investments, Inc., 828 F. Supp. 346, 353 (E.D. Pa. 1993) (citing Freeman v. Kohl & Vick Machine Works, Inc., 673 F.2d 196, 201 (7th Cir. 1982)). The Third Circuit has stated that such certification should be granted sparingly and "used only in exceptional cases." Id. (citing Milbert v. Bison

Laboratories, 260 F.2d 431, 433 (3d Cir. 1958)).  For this reason, the statute itself requires that: (1) the order from which the appeal is taken must involve a controlling question of law; (2) there must be substantial grounds for a difference of opinion concerning the issue; and (3) an immediate appeal should materially advance the ultimate termination of the litigation.  Orson, Inc. v. Miramax Film Corp., 867 F. Supp. 319, 321 (E.D. Pa. 1994).  All three requirements in the statute must be met, and the burden is on the movant to demonstrate certification is warranted.  Id. (citing Zygmuntowicz, 828 F. Supp. at 353)).

After consideration of the law and arguments by both parties, the Court finds that the Defendants have not met their burden on the second requirement that there be substantial grounds for a difference of opinion concerning the issue.  Though the Court agrees that issues presented in motions to dismiss were difficult and complex, the Defendants have not put forward any authority to suggest that there is "substantial grounds" for a difference of opinion.  The cases cited by the Defendants do not change this determination.  It is true that the amended certificate of merit rules were not applied in those cases, but, as the Defendants admit, their cases also do not appear even to mention the potential applicability of the amended rules; it is therefore not possible to evaluate the reasoning used to dismiss the amended rules in these cases or even know if the amended rules were considered by the parties or the court.  The cases are not persuasive on the issue of whether there is substantial grounds for difference of opinion on this issue.  Further, the Court's own research has also not turned up any cases that would suggest there exist substantial grounds for difference of opinion or, for that matter, many that even discuss the

issue.[1] As the Plaintiffs point out, however, the fact that a case may involve a novel issue does not necessarily suggest that it warrants certification. See Larsen v. Senate of Com. of Pa., 965 F. Supp. 607, 609 (M.D. Pa. 1997). Accordingly, the Defendants have not satisfied their burden to show that all § 1292(b) requirements are met; the Court is not convinced that this is an "exceptional case" that justifies certification for interlocutory review and the motion for certification will be denied.

**ACCORDINGLY**, on this 7th day of July 2009, **IT IS HEREBY ORDERED THAT** Defendants' joint motion for reconsideration or, in the alternative, certification for appeal pursuant to 28 U.S.C. § 1292(b), is **DENIED**.

    s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] In Booker v. United States, the certificate of merit issue arose in similar circumstances: the United States moved to dismiss for failure to file a certificate of merit on May 5, 2008, before the effective date of the amended certificate of merit rules. No. CV-07-1960, 2009 WL 90129, * 1 (M.D. Pa. 2009). The court addressed the amended certificate of merit rules and found them applicable in federal court:

> Plaintiff also requests that we extend the time for the filing of a [certificate of merit]. Such a request is timely under Rule 1042.3(d), which, as amended on June 16, 2008, authorizes . . . an extension of time for filing the [certificate of merit] . . . when the request is made by a motion for extension filed not more than thirty days after the defendant files its notice of intention to obtain a judgment of non pros. In the context of federal motion practice, this makes the request timely when it was made as part of Plaintiff's opposition to Defendant's motion to dismiss.
>
> We further believe that good cause is shown by Plaintiff's assertion that he did not believe that a [certificate of merit] was necessary . . . . We note that new Rule 1042.6(c), effective June 16, 2008, authorizes a plaintiff to "file a motion seeking a determination by the court as to the necessity of filing a certificate of merit" after a defendant has sought a judgment of non pros, and that the Rule also provides that the "filing of the motion tolls the time period within which a certificate of merit must be filed until the court rules upon plaintiff's motion."

Id. at *4.